FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 FEB 26  PM 4: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TAMMY GARDINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV94-H-1894-NE |
| | ) | |
| VALERIE DOTSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

FEB 2 6 1998

MEMORANDUM OF DECISION

The court has before it defendants' February 19, 1998 motion

to dismiss plaintiff's section 1983 claims.  The court also has

before it plaintiff's February 20, 1998 response to defendants'

motion to dismiss.[1]  Plaintiff filed her complaint on August 4,

1994, alleging employment discrimination and harassment based

upon a disability in violation of the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 12101 et. seq., and deprivation of

rights secured by the constitution and laws of the United States

in violation of 42 U.S.C. § 1983 ("section 1983").  In her

complaint, plaintiff asserted claims under the ADA and section

1983 against the City of Cullman, the Central Dispatch

---

[1]The February 20, 1998 order required a response by March 2,
1998.  Since the response has been received and the case is set
for trial March 9, 1998, the court will rule upon the February
19, 1998 motion at this time to eliminate any additional
unnecessary work on the claim to be dismissed and perhaps to
provide the parties an opportunity to reevaluate the case for
settlement purposes.

64

Department, Valerie Dotson individually and in her official

capacity, and Jack Sides individually and in his official

capacity. As the November 14, 1996 order reflects, the remaining

triable claims are the ADA claims against the City of Cullman and

the Central Dispatch Department and the section 1983 claims

against the City, the Dispatch Department and Dotson

individually.[2]

The defendants' motion to dismiss states that a plaintiff

may not maintain a section 1983 action that is based upon

violation of the ADA. Defendant cites the Eleventh Circuit

decision in Holbrook v. City of Alpharetta, Georgia, 112 F.3d

1522 (11th Cir. 1997). In Holbrook, the Eleventh Circuit stated

> [B]oth the Rehabilitation Act and the ADA provide
> extensive, comprehensive remedial frameworks that
> address every aspect of [plaintiff's] claims under
> section 1983. To permit a plaintiff to sue both under
> the substantive statutes that set forth detailed
> administrative avenues of redress as well as section
> 1983 would be duplicative at best; in effect, such a
> holding would provide the plaintiff with two bites at

---

[2]In her September 15, 1994 answer to the court's September
8, 1994 request for briefing on the subject, the plaintiff states
unequivocally that her section 1983 claim is based not upon a
constitutional deprivation but on deprivation of her federal
statutory rights secured under the ADA. Also, in the December
16, 1996 pretrial order, the plaintiff's section 1983 is again
framed as one based upon deprivation of rights secured under the
ADA.

> precisely the same apple.  We conclude that a plaintiff
> may not maintain a section 1983 action in lieu of - or
> in addition to - a Rehabilitation act or ADA cause of
> action if the only alleged deprivation is of the
> employee's rights created by the Rehabilitation Act and
> the ADA.

Holbrook, 112 F.3d at 1531.  The court finds that the Holbrook

decision makes clear that the plaintiff in this action does not

have a cause of action against any defendant with regard to the

section 1983 claims as those claims are based only upon alleged

deprivations of rights created by the ADA.

Plaintiff argues that the defendants' motion to dismiss

should not be granted because the Holbrook decision cannot

overrule Wu v. Thomas, 863 F.2d 1543, 1549 n.9 (11th Cir. 1989),

and that Wu holds opposite to Holbrook.  Footnote 9, however, is

not a holding but dicta.  More importantly, Wu was not an action

involving the ADA or the Rehabilitation Act, but involved a case

brought pursuant to Title VII.  The Holbrook decision does not

address the interplay of a Title VII claim and equal protection

claims under section 1983, which is the subject of footnote 9,

but addresses the situation present before the court, i.e., the

interplay between an ADA claim and a section 1983 claim based

upon an ADA violation.

Plaintiff also argues that defendants' motion to dismiss

3

should be denied because it is untimely filed.  The court will

not address the logical impossibility of the argument that simply

because a motion is filed late that a plaintiff should be allowed

to pursue an unactionable claim.  On August 25, 1994, all

defendants filed a motion to dismiss plaintiff's action for

failure to state a claim upon which relief could be granted and

for failure to state a claim that the defendants were liable to

the plaintiff pursuant to section 1983.  As Holbrook makes clear,

the court erroneously denied the motion to dismiss the section

1983 claims.  In their October 11, 1994 answer, defendants Dotson

and Sides in their individual capacities also asserted as their

first defense that plaintiff failed to state a claim against them

upon which relief could be granted.  On the strength of Holbrook,

the court must revisit its September 19, 1994 decision denying

the defendants' August 25, 1994 motion to dismiss which clearly

stated that plaintiff failed to state a section 1983 claim upon

which relief could be granted.  The September 19, 1994 decision

was in error as it failed to dismiss plaintiff's section 1983

claims, and the court now concludes that plaintiff's section 1983

claims as to all defendants are due to be dismissed for failure

to state a claim upon which relief could be granted.

A separate order will be entered.  The only remaining

4

triable claim in this action is an ADA claim against the City of Cullman and the Central Dispatch Office to the extent that such claim is based upon discrimination in training opportunities and shift assignments, failure to provide reasonable accommodation in the form of transportation and modification of facilities, retaliation, and harassment.  The trial in this case remains set to begin on March 9, 1998 at 9:00 a.m. in Birmingham, Alabama.

DONE this 26th day of February, 1998.

SENIOR UNITED STATES DISTRICT JUDGE